Pearson, C. J.
 

 Brownlow’s debt was not secured by the ¿eed of trust, and the object of the original bill was to obtain a decree to authorize and require the trustee to sell property and pay his debt, on the allegation that there was more than enough property convéyed in the deed to discharge all of the debts secured by it.
 

 If the Master at June Term, 1864, had reported that the trustee had in hand
 
 cash
 
 sufficient to pay the debt of Brown-low, after discharging all of the debts secured by the deed, a decree against the trustee individually, that he pay the debt, would have been proper; for as he had the money in hand an individual liability would be implied, on the same principle as in an action at law for “ money had and received.”
 

 As the Master reports not that the trustee has money in hand, but that he had property belonging’ to the trust fund sufficient to satisfy the judgment of Brownlow, after dis
 
 *255
 
 charging all of the debts secured by the deed of trust, the decree is erroneous; for there was nothing to create an individual liability, and the decree ought to have been as in
 
 Harrison
 
 v. Battle, 1 Dev. Eq. 537, that the trustee sell enough of the property to satisfy the judgment.
 

 It was the duty of the trustee, after selling enough property to pay off the debts named in the trust, to reconvey the rest to Judkins, and a decree of the kind indicated was necessary to authorize the trustee to sell enough of the surplus to satisfy Brownlow’s judgment.
 

 It is otherwise in regard to debts named in the trust, for in respect to them the trustee is fully empowered and has undertaken to make sale and pay them; and if he neglect to dp so he is in default, and a decree will be made against him individually, that he pay the debt. So in the case of executors and administrators. All of the personal estate is vested in them for the payment of debts, and to that end they have ample power and it is their duty to make sale and discharge the debts, and a neglect to do so creates an individual liability, and the decree is “ to pay,” and it will be enforced
 
 de bonis propriis.
 

 The decree in this case was framed without adverting to the distinction; indeed but for the political death of the slaves it would have made no difference, and we presume the error never would have been noticed. As it is, however, the difference may be very great, and the plaintiff is entitled to have the error corrected at the cost of the defendants. The decree is reversed and the defendant in the original bill may have therein a reference for an account of the trust fund, and the amount that has been received or ought to have been received by the trustee on account of sales, profits by way of hires and interest, &c., and what amount, if any, is in the hands of the trustee applicable to the judgment of Brownlow.
 

 Per Curiam.
 

 Decree accordingly.